ECF CASE

Steven M. Kaplan (SK 6909)
Eric S. Schaer
KAPLAN & LEVENSON P.C.
Attorneys for Plaintiff
630 Third Avenue
New York, NY 10017
(212)983-6900

433 Hackensack Avenue
2nd Floor
Hackensack, NJ 07601
201-646-9400

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
GENERAL TRADING CO., INC.,                    **COMPLAINT**

             Plaintiff,                    Case No.

    - against -

VINCENT J. SMITH, SHEILA M. SMITH, LESLIE
FOSTER, THE SMITH CHILDREN IRREVOCABLE
TRUST, CITI-MART STORES, LLC, AND ALLIED
FINANCIAL HOLDINGS, LLC,

             Defendants.
-----------------------------------------------------------------X

    Plaintiff alleges:

## PARTIES

1. Plaintiff General Trading Co., Inc. ("Lender") is a New Jersey corporation with its principal place of business at 455 16th Street, Carlstadt, New Jersey.

2. Defendant Vincent J. Smith ("V.J. Smith") is an individual domiciled and residing at 176 Maple Grove Road, Mohnton, PA.

3. Defendant Sheila M. Smith ("S.M. Smith") is an individual who is married to V.J. Smith and is also domiciled and residing at 176 Maple Grove Road, Mohnton, PA.

{00081965.2 / 9999-003}

4. Defendant Leslie Foster ("Foster") is an individual domiciled and residing at 312 Oak Hill Lane, Wyomissing, PA.

5. Defendant The Smith Children Irrevocable Trust (the "Trust") is a trust formed under the laws of the Commonwealth of Pennsylvania, with a Situs in Berks County PA with an address of 2239 Eishenhauer Drive, Reading, PA. The trustee of the Trust is Bruce E. Gaston, Jr. (the "Trustee").

6. Allied Financial Holdings, LLC ("Allied") is a limited liability corporation formed under the laws of the State of Nevada with its principal offices at 1200 Broadcasting Road, Suite 102, Wyomissing, PA.

7. As set forth in detail below, V.J. Smith, S. M. Smith, Foster, the Trust and Allied each executed written personal guarantees in favor of Lender guaranteeing, among other things, all of the obligations being sued for by Lender herein and, as such, are collectively referred to as "Guarantors" or individually as a "Guarantor."

8. Defendant Citi-Mart Stores, LLC ("Citi-Mart" or "Borrower") is a limited liability company formed under the laws of the Commonwealth of Pennsylvania with its principal office at 1200 Broadcasting Road, Suite 102, Wyomissing, PA.

9. At all relevant times, V.M. Smith was the Chief Executive Officer and Chairman of the Board of Directors of Citi-Mart; and Foster was the Secretary and Treasurer of Citi-Mart.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332, this being an action where the amount in controversy exceeds $75,000 exclusive of interest, costs and attorney's fees, and is between citizens of different states.

6. Venue is appropriately placed in the District of New Jersey pursuant to 28 U.S.C. §1391(a), this being the district in which a substantial part of the events or omissions giving rise to Lender's claims occurred.

7. All defendants submitted to the jurisdiction and venue of this Court pursuant to written agreements described in more detail below.

### FACTS COMMON TO ALL CAUSES OF ACTION

8. On or about July 1, 2005, Citi-Mart executed a Term Promissory Note (the "Note") in favor of Lender whereby Lender agreed to lend to Citi-Mart, and Citi-Mart agreed to borrow from Lender the amount of $79,474.52 (the "Principal Amount").

9. The Note provided, in relevant part, as follows:

    (a) The Principal Amount would be repaid to Lender on or before August 12, 2005 (the "Maturity Date");

    (b) Interest would accrue on the Principal Amount commencing on the Maturity Date through the date of payment at the rate of the Prime Interest Rate, as reported in The Wall Street Journal, plus five percent (5%);

    (c) All payments made would be applied first in reduction of accrued but unpaid interest, then to any late or other charges, and any balance in reduction of principal;

    (d) The failure of Borrower to make any payment due when due shall constitute an event of default;

    (e) The discontinuance of the operation of Borrower's business shall constitute an event of default;

  (f) Upon the occurrence of an event of default, (i) the Principal Amount, together will accrued but unpaid interest and other charges due under the Note shall accelerate and become immediately due and payable to Lender; (ii) interest shall accrue on all unpaid amounts at the maximum interest rate permitted by New Jersey law, not to exceed 24%; and (iii) Borrower would pay a late charge in the amount of 5% of the overdue payment;

  (g) The exercise of any rights by Lender shall not be deemed an election of remedies precluding the exercise of any other rights or remedies by Lender;

  (h) All expenses incurred by Lender, including but not limited to attorney's fees in the liquidated amount of 33% of the total amount due under the Note, shall be paid by the Borrower to the Lender; and

  (i) The Borrower consents to the personal jurisdiction and venue of the State and Federal Courts in the State of New Jersey for the purposes of enforcing the Note

10. Prior to the advancement of any funds by Lender to Citi-Mart pursuant to the Note, each of the Guarantors duly executed and delivered written personal guarantees in favor of Lender (each a "Guarantee" or collectively, the "Guarantees").

11. Each Guarantee provided, *inter alia*:

  (a) The Guarantors each, jointly and severally, unconditionally guarantee the full and prompt payment when due, and the full, prompt and unconditional performance of all existing and future obligations and liabilities (the "Obligations") of Borrower to Lender;

 (b) The Guarantors each waived and released any rights of set-off and counterclaims;

 (c) Demand for performance, presentment, protest and notice of any kind were waived;

 (d) Upon a default of the Note, or other Obligation of the Borrower to Lender, Lender may, among other things, (i) declare all Obligations to be immediately due and payable, (ii) institute a collection action against the Guarantors, and (iii) collect from the Guarantors all of the Lender's collection expenses including attorney's fees and disbursements and all other collection expenses; and

 (e) The Guarantors each submits and consents to the jurisdiction and venue of this Court.

12. As an additional inducement to Lender to enter into the Note and effectuate the loan thereunder to Citi-Mart, Citi-Mart and Allied each executed written Security Agreements (each a "Security Agreement" and collectively, the "Security Agreements") in favor of Lender.

13. Lender filed applicable UCC financing statements to perfect the security interests which were granted pursuant to the Security Agreements.

14. The Security Agreements provide, in relevant part, as follows:

 (a) Borrower and Allied each granted Lender an assignment and security interest in, among other things, their accounts receivable, chattel paper, bank and brokerage accounts, documents, equipment, general intangibles, inventory, leasehold interests, property, fixtures, equipment, and all other assets (collectively, the "Collateral");

  (b) Upon the a default in the payment of any Obligation to Lender by Borrower or other defendant, Lender could, among other things, take possession of the Collateral and sell, lease or otherwise dispose of all or any part thereof, and exercise any and all rights of a secured creditor under the Uniform Commercial Code;

  (c) The proceeds of any sale of the Collateral shall be applied first to expenses of retaking, holding, storing, and selling the Collateral, and then to satisfaction of the Obligations.

15. Lender duly performed all of its obligations under the Note, Guarantees, Security Agreement and other related loan documents, including without limitation, advancing the Principal Amount to Citi-Mart pursuant to the Note and related documents.

16. On or about August 12, 2005 (the "Default Date"), Citi-Mart defaulted in its obligations under the Note by, among other things, failing to pay when due, the Principal Amount.

17. By letter dated October 24, 2005, Lender duly notified Citi-Mart and each Guarantor of Borrower's default under the Note and related documents.

18. The amount due to Lender as of December 7, 2005 is as follows, $79,474.521 in the Principal Amount, plus late fees of $3,973.73, plus interest at 24% per annum from August 12, 2005 through December 7, 2005 in the amount of $9,628..23, liquidated attorney's fees under the Note of $33,146 for a total of **$133,588.42** (the "Amount Due"), together with interest at 24% *per annum* from and after December 7, 2005.

19. Citi-Mart and Guarantors have all failed and refused to make any payments due since the Default Date.

### FIRST CAUSE OF ACTION
(Breach of Guarantees against the Guarantors)

20. Lender repeats, reiterates and realleges the allegations set forth in paragraphs 1-19 above.

21. As a result of the foregoing, all of the Guarantors each breached the Guarantees.

22. As a result of the foregoing, Lender is entitled to a money judgment against the Guarantors, jointly and severally, for the Amount Due, together with interest at 24% *per annum*, from the date hereof, attorney's fees, costs and disbursements.

### SECOND CAUSE OF ACTION
(Breach of Contract Against Citi-Mart)

23. Lender repeats, reiterates and realleges the allegations set forth in paragraphs 1-22 above.

24. As a result of the foregoing, and because Citi-Mart discontinued its business operations, Citi-Mart breached the Note.

25. As a result of the foregoing, Lender is entitled to a money judgment against Citi-Mart for the Amount Due, together with interest from the date hereof at 24% *per annum*, attorney's fees, costs and disbursements.

### THIRD CAUSE OF ACTION
(Replevin Against Citi-Mart)

26. Lender repeats, reiterates and realleges the allegations set forth in paragraphs 1 through 25 above.

27. As described above, pursuant to both the Security Agreements, upon default under the Note, Lender is entitled to exercise the rights and remedies of a secured party under the Uniform Commercial Code.

28.     Pursuant to § 9-609(a)(1) of the UCC, "[a]fter default, a secured party may take possession of the collateral."

29.     As described above, Citi-Mart is in default of its obligations under the Security Agreement and the Note. As such Lender is entitled to the immediate possession of the Collateral, including without limitation all inventory, furniture, computers, cash registers, refrigerators, freezers, other equipment, and all other assets of the Borrower.

30.     By reason of the foregoing, Lender has established that it is entitled to the immediate possession of the Collateral and all other of Citi-Mart's assets as set forth in the Security Agreement and/or the Note, and is entitled to the issuance of a writ of replevin pursuant to New Jersey Civil Practice Rules 4:61-1(a).

WHEREFORE, plaintiff respectfully requests judgment as follows:

(a)     On the First Cause of Action, a money judgment against the Guarantors, jointly and severally, in the amount of **$133,588.42** together with interest at 24% *per annum* from the date hereof;

(b)     On the Second Cause of Action, a money judgment against Citi-Mart in the amount of **$133,588.42,** together with interest at 24% *per annum* from the date hereof;

(c)     On the Third Cause of Action, a writ of replevin pursuant to New Jersey Civil Practice Rules 4:61-1(a) granting Lender immediate possession of the Collateral for the immediate sale thereof by Lender or its designee;

(d)     The costs and disbursements of this action, attorney's fees under the Guarantees and Security Agreements; and

(e)     Such other and further relief as to the Court seems just and proper.

Dated: New York, New York
December 8, 2005

                              KAPLAN & LEVENSON P.C.
                              Attorneys for Plaintiff
                              630 Third Avenue
                              New York, NY 10017
                              (212) 983-6900

                              By: _____
                                      Steven M. Kaplan